1  JORDAN ETH (BAR NO. 121617)
   JEth@mofo.com
2  JUDSON E. LOBDELL (BAR NO. 146041)
   JLobdell@mofo.com
3  MARK R.S. FOSTER (BAR NO. 223682)
   MFoster@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California 94105
   Telephone:  415.268.7000
6  Facsimile:  415.268.7522

7  ANNA ERICKSON WHITE (BAR NO. 161385)
   AWhite@mofo.com
8  MORRISON & FOERSTER LLP
   755 Page Mill Road
9  Palo Alto, California 94304
   Telephone:  650.813.5600
10 Facsimile:  650.494.0792

11 Attorneys for Defendants YAHOO! INC., TERRY S. SEMEL,
   AND SUSAN L. DECKER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MANFRED HACKER, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>YAHOO! INC., TERRY S. SEMEL, AND SUSAN L. DECKER,<br><br>Defendants. | **CLASS ACTION**<br><br>Case No.  C-07-2592-MJJ<br><br>**NOTICE OF PENDENCY OF OTHER ACTIONS**<br><br>**[CIVIL L.R. 3-13]** |

NOTICE OF PENDENCY OF OTHER ACTIONS
CASE NO. C-07-2592-MJJ
sf-2331765

# NOTICE OF PENDENCY OF OTHER ACTIONS

Defendants Yahoo! Inc. ("Yahoo!"), Terry Semel and Susan Decker submit this notice pursuant to Civ. L.R. 3-13 because two related actions pending in other courts involve "all or a material part of the same subject matter and all or substantially all of the same parties" as in this action. Civ. L.R. 3-13(a).

## I. THIS CLASS ACTION

This is a securities fraud class action subject to the requirements of the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995) (the "Reform Act"). Plaintiff Manfred Hacker seeks to represent a class of all persons who purchased Yahoo!'s publicly traded securities during a class period of April 8, 2004 to July 18, 2006. (Compl. ¶ 1.) Plaintiff alleges that, during this period, Defendants made false or misleading statements in press releases and SEC filings with the purpose and effect of artificially inflating the market price of Yahoo! securities in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. (*Id.* ¶¶ 4, 32–38.) Plaintiff alleges that the press releases and SEC filings contained false or misleading representations concerning Yahoo!'s advertising technology and practices and that projections of future performance contained in these statements lacked a reasonable basis because of undisclosed problems in this area, including that Yahoo! allegedly misled customers into buying Yahoo! advertising through deceptive means, had "operationally flawed and defective" advertising technology, and was losing market share. (*Id.* ¶ 4.)

## II. THE CENTRAL DISTRICT CLASS ACTION

A second securities class action, containing virtually identical allegations and brought on behalf of the same proposed class of securities purchasers, was filed in the Central District of California, entitled *Ellen R. Brodsky v. Yahoo! Inc., Terry S. Semel, and Susan L. Decker*, U.S. Dist. Ct. C.D. Cal., 07-03125-CAS (SMOx). The two class actions were filed only days apart.

Defendants anticipate that, pursuant to the Reform Act, a single lead plaintiff and a single lead counsel firm will be appointed to prosecute a single consolidated class action case in either this court or the Central District. *See* 15 U.S.C. § 78u-4(a)(3). Defendants expect that the parties will attempt to agree upon the court in which the securities litigation is prosecuted. If agreement

cannot be reached, it may be necessary to litigate motions to transfer.  *See*  Civ. L.R. 3-13(b)(3)(B).

### III.    THE STATE-COURT DERIVATIVE ACTION

Four days after the Central District class action was filed, a third plaintiff, Greg Brockwell, filed a stockholder derivative action in the Superior Court of California for the County of Santa Clara, *Brockwell v. Semel, et al.,* Santa Clara Super. Ct., Case No.1:07-CV-085892. Based on the same factual allegations as contained in the class action complaints, Brockwell's complaint purports to assert state-law claims in the name of Yahoo! against Yahoo!'s Board of Directors and Ms. Decker.  Brockwell did not make the required pre-suit demand on Yahoo!'s Board and the court has not determined that he as standing to pursue the litigation on Yahoo!'s behalf.

Defendants expect that the Brockwell derivative action will be stayed pending resolution of the class actions.  In the event that this does not occur, and the derivative and class actions proceed simultaneously, it may be necessary to coordinate the two proceedings.  *See*  Civ. L.R. 3-13(b)(3)(C).

Dated: June 11, 2007                                    MORRISON & FOERSTER LLP

                                By:     Judson E. Lobdell [e-filing signature]
                                        Attorneys for Defendant(s)
                                        YAHOO! INC., TERRY S. SEMEL,
                                        AND SUSAN L. DECKER

2

1         * * * * *

## ECF ATTESTATION

I, Mark Foster, am the ECF User whose ID and Password are being used to file this:

**NOTICE OF PENDENCY OF OTHER ACTIONS**

In compliance with General Order 45, X.B., I hereby attest that Judson E. Lobdell has concurred in this filing.

  DATED:  June 11, 2007      MORRISON & FOERSTER LLP

               By:  /s/ Mark Foster [e-filing signature]